UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

JAMES ODIS SOWELL, JR.,

    Petitioner,

V.

J.A. BARNHART, Warden,

    Respondent.

Civil Action No. 6: 18-195-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

James Odis Sowell, Jr., is an inmate confined at the Federal Correctional Institution ("FCI")-Manchester, located in Manchester, Kentucky. Proceeding without a lawyer, Sowell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the computation of his sentence by the Bureau of Prisons ("BOP"). [R. 1] The Respondent has filed a response to Sowell's petition. [R. 12] Although a prior Court Order provided Sowell with an opportunity to file a reply in further support of his petition [R. 8], no reply was filed and the time for doing so has expired. Accordingly, this matter is fully briefed and ripe for review.

In 1991, Sowell was convicted in the District of Columbia ("DC") Superior Court in Case No. F4601-91 of armed robbery and attempted robbery. [R. 1 at p. 2] Sowell was sentenced to a total term of seven to 21 years in prison. [*Id*. at p. 5-6] On October 30, 1996, Sowell was released on parole in Case No. F4601-91. [*Id.* at p. 6] According to documentation submitted by Respondent (and not disputed by Sowell), when Sowell was released on parole in Case No. F4601-91, 5,652 days remained on his sentence, with a full-term expiration date of April 21, 2012. [R. 12 at p. 2; R. 12-1, Exhibit A: Giddings Decl. at p. 2, Att. 1: DC-DOC Inmate Record, Attachment

2: DC-DOC Fact Sheet No. 2 – July 15, 1991, Attachment 3: Sentence Monitoring Independent Sentence Computation]

On July 2, 1997, a warrant was issued for Sowell's arrest for violating his parole in Case No. F4601-91. [R. 12] The warrant states that, wherever found in the United States, Sowell was to be returned to the custody of the District of Columbia Department of Corrections, "<u>except</u> if said parolee is already in the custody of federal, state or District of Columbia authorities, <u>do not execute this warrant</u>. Place a detainer and notify the D.C. Board of Parole. Also, if another criminal warrant has been issued for this parolee, execution of such criminal warrant <u>shall take precedence</u>." [R. 12-2, Exhibit A: Giddings Decl. at p. 2-3, Attachment 4: DC Board of Parole Warrant PE-31891-97 (emphasis in original)]

On September 26, 1997, Sowell was arrested for robbery in the District of Columbia and charged in the DC Superior Court in Case No. F7760-97. [R. 12 at p. 3] As directed by the July 2, 1997 warrant, a detainer was lodged with the DC authorities for Sowell's parole violation in Case No. F4601-91. [*Id* at p. 3] On November 1, 1997, Sowell was sentenced in Case No. F7760-97 to a term of imprisonment of 4 to 20 years. [*Id*. at p. 3] After sentencing, Sowell was released to the custody of the DC Department of Corrections. [*Id*.] Sowell was transferred to BOP custody on July 12, 2001. His sentence in Case No. F7769-97 was computed based on the documentation provided by the DC Department of Corrections and Sowell was given a full-term date in Case No. F7769-97 of September 25, 2017. [*Id*.]

On January 21, 2003, after reviewing Sowell's parole file in Case No. F4601-91, the United States Parole Commission ("USPC") issued a letter to Sowell stating that the USPC had decided to maintain Sowell's detainer warrant. [*Id*. at p. 4] After a hearing on September 22, 2004, the USPC issued a Notice of Action ("NOA") on October 15, 2004 revoking Sowell's parole in Case

No. F4601-91 and stating that none of the time Sowell spent on parole in that case shall be credited. [R. 12 at p. 4; R. 12-1, Giddings Declaration at p. 4, Attachment 9: US Parole Commission Notice of Action – October 15, 2004] Specifically, this NOA states: "Revoke parole on the violator term. None of the time spent on parole shall be credited. *Execute the U.S. Parole Commission's warrant currently lodged as a detainer upon your release from the new sentence. Upon execution of the warrant, the unexpired portion of your original D.C. Code sentence shall commence*." [*Id.* (emphasis added)] The NOA further indicated that the matter would "continue for a reconsideration hearing on your current sentence and violator term on September 2007 after the service of 36 months" from the September 22, 2004 hearing date. [*Id.*]

As indicated in the October 15, 2004 NOA, a hearing was held on September 5, 2007. [*Id.* at p. 4, Attachment 10: US Parole Commission Notice of Action – September 18, 2007] As a result of this hearing, the USPC issued a NOA on September 18, 2007, stating that the matter would "[c]ontinue to a presumptive parole August 25, 2008 after service of 131 months on the new sentence. Parole on the violator term as the same date." [*Id.*] On January 31, 2008, the USPC issued another NOA, stating that there is "[n]o Change in presumptive parole date of August 25, 2008 on the new sentence and on the violator term and parole effective August 25, 2008 on the new sentence and on the violator term." [*Id.* at p. 4, Attachment 11: US Parole Commission Notice of Action – January 31, 2008]

On August 26, 2008, the USPC issued Sowell's Certificate of Parole in Case No. F7760-97. [*Id.* at p. 4, Attachment 12: US Parole Commission Certificate of Parole] This Certificate orders that Sowell "be paroled on August 26, 2008 and remain under parole supervision through September 25, 2017." [*Id.*] However, the Certificate refers only to "Docket/Case Number F7760-97." It is silent as to the time remaining on Sowell's sentence in Case No. F4601-91. In addition,

3

the October 15, 2004 NOA revoking Sowell's parole in Case No. F4601-91 and discrediting Sowell's time spent on parole since October 31, 1996 further provided that the USPC's warrant would be lodged as a detainer *upon Sowell's release* in Case No. F7760-97 and that, upon execution of the warrant, the unexpired portion of Sowell's sentence in Case No. F4601-91 would commence. [*Id*. p. 4, Attachment 9: US Parole Commission Notice of Action – October 15, 2004] As discussed above, when Sowell was originally released on parole on October 30, 1996 in Case No. F4601-91, 5,652 days remained on his sentence. Thus, Sowell's service of the time remaining on his original sentence in Case No. F4601-91 did not commence until he was released in Case No. F7760-97.

Although Sowell's petition indicates that he does not understand how his projected release/termination of supervision date changed from September 25, 2017, to February 12, 2024, [R. 1 at p. 6], this is because Sowell was serving two terms based on two separate convictions. Sowell is correct that his projected release/termination of supervision date in Case No. F7760-96 was September 25, 2017. However, as explained by the documents submitted by Respondent (and not disputed by Sowell), because Sowell's parole was revoked in Case No. F4601-91 and he was not credited for time spent on parole from October 31, 1996, through August 24, 2008, Sowell's full term date in Case No. F4601-91 became February 14, 2024, or 5,652 days after his release on parole in Case No. F7760-97. [R. 12 at p. 4-5]

On September 4, 2013, the USPC received a letter from the United States Probation Office in the Middle District of North Carolina stating that, on August 22, 2013, Sowell surrendered to authorities after being charged with Felony Attempted Robbery with a Dangerous Weapon in Durham, North Carolina. [R. 12-2, Giddings Declaration at p. 5, Attachment 15: US Probation Office Violation Report – Warrant Requested – September 4, 2013] Accordingly, the U.S.

Probation Office requested that a warrant be issued on Sowell. [*Id*] This warrant was issued by the USPC on September 6, 2013. [*Id*. at p. 5, Attachment 16: Warrant D.C. Code Offender – September 6, 2013] According to this warrant, Sowell was sentenced by the DC Superior Court "to serve a sentence of 21 Years (D.C. GTCA); 5286 Days (Parole Violator Term) for the crime of Armed Robbery; Attempted Robbery; Robbery and was on August 26, 2008 released on parole from Raleigh CCM with 5283 days remaining to be served" and that reliable information had been presented to the USPC that Sowell has violated one or more conditions of his release. [*Id*.] The warranted was executed by the United States Marshals Service on May 29, 2014, while Sowell was housed in the Durham County Jail. [*Id*. at p. 5, Attachment 16: Warrant D.C. Code Offender – September 6, 2013]

On September 4, 2014, the USPC issued an NOA stating that, as a result of an August 12, 2014 hearing, Sowell's parole was revoked and his sentence shall continue to the expiration of the sentence. [*Id*. at p. 5, Attachment 17: US Parole Commission Notice of Action - September 4, 2014] Specifically, the NOA states: "Revoke parole. All of the time spent on parole shall be credited. Continue to expiration." [*Id*.] To the extent that Sowell's petition suggests that the reference to "parole" in the September 2014 NOA should be construed to effectively re-instate the previously discredited time that Sowell spent on his first parole in Case No. F4601-91 beginning in October 30, 1996, there is simply nothing in the NOA that supports such a broad interpretation. Rather, the reference to "parole" in the September 4, 2014 NOA refers to the parole that Sowell was on when the September 6, 2013 warrant was issued for his violation of his terms of release.

Respondent further explains that, pursuant to the NOA dated September 4, 2014, the BOP completed an independent computation using the date the warrant was executed to the full term date of the sentence at the time Sowell was released from custody on August 26, 2008. [R. 12 at

p. 5] Again, Sowell was serving un-aggregated terms in Case No. F4601-91 and, at the time of his August 26, 2008 release on parole, 5,652 days remained on the sentence (or until February 14, 2024). While the September 4, 2014 NOA ordered that all of Sowell's time spent on parole since his August 26, 2008 release on parole be credited, it also ordered that the sentence continue to expiration. After crediting the time spent on parole, a total of 3,549 days remained to be served in Case No. F4601-91, resulting in a projected release date of December 17, 2020. [R. 12-1, 12-2, Giddings Decl. at p. 6, Attachment 18: Sentence Monitoring Independent Sentence Computation; Attachment 19: Sentence Monitoring Computation Data]

The Court has carefully reviewed Sowell's petition and the documents submitted by both Sowell and Respondent explaining the basis of the calculation of Sowell's sentence and concludes that the BOP has properly calculated Sowell's sentence and projected release date. Accordingly, Sowell's § 2241 habeas petition does not present a basis for relief, thus his petition will be denied.

Accordingly, it is **ORDERED** as follows:

1. Sowell's petition for a writ of habeas corpus [R. 1] is **DENIED**.
2. The Court will enter a judgment contemporaneously with this order.
3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated June 26, 2019

*/s/ Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY